IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WAYNE BRIDGEWATER                                                                    PLAINTIFF

       v.                              Civil No. 11-5221

CORPORAL DAVIS; SERGEANT
FLANNIGAN; SERGEANT MCCRANIE;
DEPUTY RICHARDSON; DEPUTY
BARTLEY; and DEPUTY RICHARDS                                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se*. The case is currently before the Court on a motion for judgment on the pleadings (Doc. 22) filed by the Defendants. Plaintiff filed a response to the motion (Doc. 24). The motion is ready for decision.

**1. Background**

      According to the allegations of the complaint, Plaintiff was called out of his cell on September 3, 2011, at 1:00 a.m. and went to pod control. Once there, he alleges he was "yelled at" and "threatened" by three sergeants, one corporal, and two deputies.

      With respect to Sergeant Flannigan, Plaintiff maintains he threatened to beat the Plaintiff's "a--" and throw him underneath the jail. Flannigan allegedly also remarked that Plaintiff already had five lawsuits in federal court and "what's one more." Plaintiff alleges Corporal Davis stated that they would get their turn without a camera around and no one would know what happened to the Plaintiff.

-1-

Plaintiff alleges that each of the Defendants threatened to beat him. Plaintiff states that he spent one and one-half hours in pod control being threatened. At some point, he was required to change to a red and white uniform and escorted to the "hole."

Plaintiff maintains Defendants did not allow him to have either his personal or legal mail. He also believes Defendants were reading all his mail.

Around 8:00 a.m., he alleges Sergeant McCranie came into his cell and threatened to "plant [Plaintiff] in the ground." Plaintiff was told not to put in anymore grievances or "that would happen very soon."

In a supplement to the complaint (Doc. 5), Plaintiff alleges the Defendants have continued going through his mail and have thrown away part of his personal and legal mail. He indicates they continue to threaten his life although he states he knows "they cannot kill me because they would be caught." Finally, he states he has been put into suicide smock despite the fact he is not suicidal. In sum, he asserts the Defendants are "constantly messing with" him.

As relief, Plaintiff asks to be moved to another jail, to be taken to Court, for a restraining order on all Defendants, and for charges of terroristic threatening to be filed on all Defendants.

**2. Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. Glover v. Merck & Co., Inc., 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D., 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

First, Defendants move for dismissal of the case on the grounds Plaintiff failed to exhaust his administrative remedies. Second, Defendants argue Plaintiff has failed to state a claim on which relief may be granted. Third, Defendants maintains Plaintiff's claims fail because he has not alleged any physical injury. Fourth, Defendants maintain the claims must fail because Plaintiff has not alleged the existence of a county policy that was the moving force behind the alleged violations.

In opposition, Plaintiff states the Defendants made death threats and interfered with his mail. At the very least, he suggests Defendants need to be charged with terroristic threatening as a result of the threats.

### A. Exhaustion of Remedies

Defendants maintain the Plaintiff failed to exhaust his administrative remedies and admits that in the complaint. In the complaint, Plaintiff states that he did not submit a grievance because he had "been threatened to be planted in the ground" if he submitted any more grievance forms.

The PLRA, 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." Jones v. Bock, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In the circumstances present here, failure to exhaust administrative remedies is excused because of the alleged threats made against Plaintiff. Defendants cannot benefit if Plaintiff was afraid to submit grievances. Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002)("inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies").

### B. Failure to State a Claim

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for

deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

**1. Threats**

Prison conditions claims include threats to an inmate's health and safety. See Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008)(citation omitted). In general, "[v]erbal threats do not constitute a constitutional violation." Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); Martin, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

While exceptions to this general rule have been recognized even when no physical harm has been suffered, the exceptions have been limited to situations where a "state official engaged in a 'brutal' and 'wanton act of cruelty.'" Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008). For example, in Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir. 1986), the officer pointed a gun at Burton's head and told him to run so the officer would have an excuse to shoot him. *Id.* at 99. The Eighth Circuit held that Burton had stated a claim of constitutional dimension. *Id.* It held that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his custodians." *Id.* at 100.

Whereas in Hopson v. Fredericksen, 961 .2d 1374, 1378 (8th Cir. 1992), the Eighth Circuit held insufficient for Eighth Amendment purposes "the allegation that officers seated in the front seat of a patrol car threatened to knock out the back-seat occupant's teeth if he did not start talking." Irving, 519 F.3d at 449 (citing Hopson, 961 F.2d at 1378). In discussing the Hopson case in Irving, the Court noted the officers did not threaten Hopson's life, raise a fist or weapon, or take any action to make the threat seem credible. Irving, 519 F.3d at 449.

In this case, Defendants made death threats. However, Plaintiff could not have been in terror of the Defendants because he alleges he knew "they cannot kill me because they would get caught." (Doc. 5). While the Court does not condone such conduct, Defendants are nevertheless entitled to judgment in their favor on this claim.

**2. Interference with Mail**

Inmates have a First Amendment right of free speech to send and receive mail. Hudson v. Palmer, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987). "[E]conomic factors may . . . be considered . . . in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." Bell-Bey v. Williams, 87 F.3d 832, 838 (8th Cir. 1996)(citing Bounds v. Smith, 430 U.S. 817, 824-25 (1977)).

In this case, Plaintiff alleges Defendants have refused to let him have his legal or personal mail, have been reading his mail, and have thrown some of his mail away. On a motion for judgment as a matter of law, this would be sufficient to state a claim.

However, Plaintiff has sued the Defendants in their official capacities. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights." Gorman v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998). Plaintiff has not suggested there was any ongoing practice of censorship or that the application of any policy or custom resulted in the alleged interference. In short, Plaintiff has made no allegations suggesting a custom or policy of Benton County caused the alleged violations of his constitutional rights. Defendants are entitled to judgment in their favor on this claim.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 22) be granted.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)